UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-22827

JOSE L. SANABRIA,

       Plaintiff,

vs.

QAC, LLC d/b/a
EAGLE BRANDS SALES,

       Defendant.

_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Jose L. Sanabria, sues Defendant, QAC, LLC d/b/a Eagle Brands Sales, for unpaid/underpaid overtime wages as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Jose L. Sanabria**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2.     Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendant.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, QAC, LLC**, is a Florida for-profit limited liability corporation that has at all times material conducted its business in Miami-Dade County, Florida, and it is *sui juris*.

6.     Defendant, QAC, LLC operates under the fictitious name of Eagle Brands Sales, which name it registered with the State of Florida.

1

7.      Defendant was Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. §203 (d).

8.      This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

9.      Defendant maintained a place of business in this District, maintained real property in this district, and was responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida.

10.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, maintains real property within this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

11.     This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

### *Background Facts*

12.     Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

13.     Defendant has at all times material engaged in interstate commerce in the course of its marketing, sales, and distribution of beer and alcoholic beverages that traveled in interstate commerce.

14.     Furthermore, Defendant engages in interstate commerce in the course of its submission of payments for goods and receipt of payment from out-of-state payors.

135 SAN LORENZO AVENUE, SUITE 770, CORAL GABLES, FLORIDA 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

15.     Defendant utilizes computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

16.     Defendant also utilizes forklifts and vehicles that were manufactured/assembled outside of the State of Florida to engage in their business.

17.     Defendant further negotiates and manages payments to and from payors located outside of the State of Florida.

18.     Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

19.     Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fai Labor Standards Act applies to Plaintiff's work for Defendant in the course of his arranging different beer products such as Stella, Bud Light, Becks, Estrella Dam, and others at the stores to which he was assigned.

20.     Plaintiff worked for Defendant from approximately June 2017 to June 2019 as a merchandiser who arranged and re-arranged products.

21.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

### *Liability*

22.     Plaintiff worked approximately 8-10 hours of overtime (48-50 hours per week) for Defendant.

23.     Defendant, however, failed to properly pay Plaintiff at a rate of time and one-half of his regular rate of pay for all of the overtime hours that he worked.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

24.     Plaintiff's primary duty was the performance of manual work.

25.     Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek from three years prior to the filing of this Complaint through approximately June 2019.

26.     Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked from three years prior to the filing of this Complaint through approximately June 2019.

27.     Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay overtime, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

28.     Defendant was aware of the requirement to pay its non-exempt employees overtime wages for all hours worked beyond 40 in a workweek by virtue of its having been sued for unpaid overtime violations in the past.

29.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

30.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

31.     All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

WHEREFORE Plaintiff, Jose L. Sanabria, demands the entry of a judgment in his favor and against Defendant, QAC, LLC d/b/a Eagle Brands Sales, after trial by jury and as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recovers all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jose L. Sanabria, demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of August 2021,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*