UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22827-COOKE/O'SULLIVAN

JOSE L. SANABRIA,

    Plaintiff,

vs.

QAC, LLC, *doing business as* EAGLE
BRAND SALES,

    Defendant.
_____/

**ORDER OF REFERRAL FOR SETTLEMENT CONFERENCE AND
ORDER REGARDING COURT PRACTICES AND PROCEDURES**

THIS MATTER comes before the Court on the filing of a Complaint. To efficiently resolve this dispute, it is **ORDERED** as follows:

**I. EXPEDITED SERVICE**

It is **ORDERED** and **ADJUDGED** that, to expedite the processing of the action, Plaintiff will serve the Defendant with a copy of the summons and complaint **within 60 days of the date of this Order**. If Plaintiff is unable to do so, Plaintiff will provide an explanation to the Court as to the reason why Defendant has not been served within the allotted sixty days and will provide a detailed description of the attempts made to serve Defendant. Failure to comply with this Order may lead to immediate dismissal of this cause.

**II. COURT-MANDATED REQUIREMENTS IN FLSA-BASED CASES**

Plaintiff filed an action under the Fair Labor Standards Act, *as amended*, 29 U.S.C. §201 *et seq.* ("FLSA"), by which the Plaintiff seeks unpaid wages. To assist the Court in the management of the case, the Plaintiff is **ORDERED** to file with the Court a <u>statement of claim</u> setting forth the amount of the alleged unpaid wages, the calculation of such wages, and the nature of the wages (*e.g.* overtime or regular) *within 21 days from the date of this Order*. Also within that allotted time, the Plaintiff must serve a copy of this Order, the statement of claim, *and copies of all documents supporting the claim* (*e.g.* time slips, pay stubs) on the Defendant's counsel. The Plaintiff must, on that same date, additionally file a notice of full compliance with this Order.

The Defendant, *within 14 days of service of the Plaintiff's statement of claim*, is **ORDERED** to file with this Court a response to the Plaintiff's statement and provide the Plaintiff with copies of all documents supporting its defenses. Concurrently, the Defendant must file a notice of full compliance with this Order.

The Parties are hereby advised that this case will be on the Court's FLSA expedited-track calendar pursuant to which trial will be set nine months after the Plaintiff files the required statement of claim. Furthermore, barring the most extreme of compelling circumstances, ***the Court will not grant any motions for a continuance and/or extensions of time***.

***Failure to comply with this Order may result in default, dismissal, and/or sanctions.***

### III. REFERRAL OF CASE TO MAGISTRATE JUDGE

This case is **REFERRED** to the Honorable John J. O'Sullivan, Chief United States Magistrate Judge for the Southern District of Florida, for appropriate resolution of all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). ***Motions in Limine and any motion affecting deadlines set by the Court's Scheduling Order are excluded from this referral, unless specifically referred by separate order.***

The Parties are notified that all subsequent pleadings bearing on matters referred to the Magistrate Judge must be so designated by setting forth beneath the case number the identity of the Magistrate Judge to which the matter has been referred and the date of the Order of Reference. Parties shall abide by Chief Magistrate Judge O'Sullivan's Discovery Procedures Order appended to this Order as *Attachment A*.

Moreover, this matter is **REFERRED** for purposes of a settlement conference before Judge O'Sullivan, to occur *within fourteen (14) days* of Defendant(s) filing its/their Response to Plaintiff's Statement of Claim. Counsel shall confer and contact Judge O'Sullivan's Chambers prior to the due date for the response by Defendant(s) to Plaintiff's statement of claim to schedule the settlement conference. Except as provided under Local Rule 16.2.E, the appearance of counsel and each party, or representatives of each party with full authority to enter into a full and complete settlement, is mandatory. Appearance shall be in person; telephonic appearance is prohibited absent court order. All discussions, representations, and statements made at the settlement conference shall be confidential and privileged.

### IV. MOTIONS, JOINT MOTIONS, MOTIONS TO DISMISS, AMENDED PLEADINGS, AND MOTIONS FOR SUMMARY JUDGMENT

A. **GENERAL INSTRUCTIONS REGARDING MOTIONS**

In addition to complying with Local Rule 7.1, any motion and accompanying memorandum of law *will not exceed a combined length of twenty pages*, all non-dispositive motions *must be accompanied by a proposed order*, and all motions, memoranda of law, proposed orders, and other documents created for the Court's review *will be uploaded from a PDF document created within MS Word* (and *not* from a scanned PDF document). Finally, motions, memoranda of law, proposed orders, and other documents created for the Court's review *must adhere to the following specifications*:

1. 12 pt. Calisto MT font;
2. One inch margins on all sides;
3. 1/2 inch tab setting;
4. 1.5 Line Spacing;
5. Full Justified;
6. Conforming to the exemplar order at *Attachment E* to this Order;
7. Filed electronically with the corresponding motion; and
8. In the case of proposed orders, e-mailed as a Microsoft Word (.doc) document to cooke@flsd.uscourts.gov. The subject line of the e-mail will include: (i) case number, (ii) case name, and (iii) docket entry number of the corresponding motion.

B. **JOINT MOTIONS**

Multiple Plaintiffs or Defendants shall file joint dispositive motions with co-Parties unless there are clear conflicts of positions or grounds for relief.

C. **MOTIONS TO DISMISS**

The filing of a baseless motion to dismiss may result in sanctions, including an award of attorneys' fees. Should Defendant(s) file a motion to dismiss the complaint, the Parties shall meet and confer within five (5) days of service of the motion to determine whether Plaintiff(s) can resolve the issue by amending the complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Any response in opposition to a motion to dismiss shall include a certification of compliance with this Order. Failure to meet and confer in good faith or otherwise comply with this order may result in sanctions, including dismissal of this action.

**Failure to comply with the foregoing requirements may result in the motion being denied without prejudice.**

### D. AMENDED PLEADINGS

Amended pleadings shall be accompanied by a redline comparison of the original and amended pleading. A party need not file a redline comparison when amending as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

### E. MOTIONS FOR SUMMARY JUDGMENT

The Parties shall file unredacted copies of all record evidence submitted in support of their respective motions for summary judgment. Moreover, the record evidence in support of such motions shall be filed through a single Notice of Filing that must be labeled, "Record Evidence In Support of [Insert Party's name]'s Motion for Summary Judgment". Further, the record evidence submitted through these notices of filing shall be specifically labeled so that it is absolutely clear to the Court from the text of the docket what documents are being submitted as record evidence. Meaning that the Deposition of John Smith, for example, shall be labeled as "Ex. A, Deposition of John Smith" on the docket as opposed to the generic and unhelpful "Ex. A". For purposes of resolving motions for summary judgment, the Court will only consider the evidence submitted in conformance with this Order. Therefore, should the Parties need to file documents under seal, then they must request leave of Court to do so well in advance of the deadline to file their respective motions for summary judgment.

**Failure to comply with the foregoing requirements may result in the motion being denied without prejudice.**

### V. PHONE CALLS TO CHAMBERS

1. The Parties **may not call** Chambers to ask about the status of pending motions, including motions for extension of time. The Court is aware of all pending motions and will address each of them in due course.

2. The Parties **may not call** Chambers if the information the Parties seek, or seek to provide, can be conveyed through a filing on the docket.

3. The Parties **may not call** Chambers if the information the Parties seek is available from other sources, including Court Orders and the Local Rules.

4. If the Parties do call Chambers for a **permissible purpose**, counsel for all affected Parties **must** be on the line. Calls from non-attorneys and *ex parte* calls will not be accepted.

**DONE and ORDERED** in chambers, Miami, Florida, this 15th day of August 2021.

_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*John J. O'Sullivan, Chief U.S. Magistrate Judge*
*Counsel of record*

*Attachment A*

# DISCOVERY PROCEDURE FOR
# <u>CHIEF MAGISTRATE JUDGE JOHN J. O'SULLIVAN</u>

The following discovery procedures apply to all civil cases assigned to United States District Judge Marcia G. Cooke.

If parties are unable to resolve their discovery disputes without Court intervention, Chief Magistrate Judge John J. O'Sullivan will set the matter for a hearing. Discovery disputes are generally set for hearings on Tuesdays and Thursdays in the 5th Floor Courtroom, United States Courthouse, 301 N. Miami Avenue, Miami, Florida.

If a discovery dispute arises, the moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief, by contacting Chief Magistrate Judge O'Sullivan's Chambers and placing the matter on the next available discovery calendar. Chief Magistrate Judge O'Sullivan's telephone number is (305) 523-5920.

After a matter is placed on the discovery calendar, the movant shall provide notice to all relevant parties by filing a Notice of Hearing. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and include a certification that the parties have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(a)(3). The parties shall attach to their Notice of Hearing any requests for production, requests for admission and interrogatories that are in dispute. Generally, no more than ten (10) minutes per side will be permitted.

No written discovery motions, including motions to compel and motions for protective order, shall be filed unless the parties are unable to resolve their disputes at the motion calendar, or unless requested by Chief Magistrate Judge O'Sullivan. It is the intent of this procedure to minimize the necessity of motions.

The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes and to confer in an attempt to resolve the discovery issue prior to setting the hearing. If the parties resolve their dispute prior to the hearing, the parties shall immediately call Chambers to cancel the hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.