UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22827-MGC

JOSE L. SANABRIA,

    Plaintiff,

v.

QAC, LLC d/b/a EAGEL BRANDS SALES,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant, QAC, LLC d/b/a EAGEL BRANDS SALES by and through its undersigned attorneys, and hereby files its Answer and Affirmative Defenses to Plaintiff, JOSE L. SANABRIA's Complaint, and in support thereof states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies the same and demands strict proof thereof.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge and can neither admit or deny.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

CASE NO.: 1:21-cv-22827-MGC

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint for jurisdictional purposes only. All other averments contained within paragraph 8 of the Complaint are denied.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint for jurisdictional purposes only. All other averments contained within paragraph 9 of the Complaint are denied.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint for jurisdictional purposes only. All other averments contained within paragraph 10 of the Complaint are denied.

11. Paragraph 11 of the Complaint is duplicative of paragraph 8 of the Complaint; nonetheless, Defendant admits the allegations contained in paragraph 11 of the Complaint for jurisdictional purposes only. All other averments contained within paragraph 11 of the Complaint are denied.

## BACKGROUND FACTS

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in paragraph 19 of the Complaint to the extent that Plaintiff worked for Defendant. Defendant denies any allegation and/or inference that Plaintiff was not paid properly for all time worked. All other averments contained within paragraph 19 of the Complaint are denied.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint to the extent that Plaintiff worked for Defendant.

21. In response to paragraph 21 of the Complaint, Defendant admits only that records of Plaintiff's employment exist in its custody. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 21 of the Complaint and, therefore, denies the same and demands strict proof thereof.

**LIABILITY**

22. Defendant denies the allegations contained in paragraph 22 of the Complaint as stated.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in paragraph 24 of the Complaint to the extent that Plaintiff worked for Defendant. Defendant denies any allegation and/or inference that Plaintiff was not paid properly for all time worked.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

CASE NO.: 1:21-cv-22827-MGC

30. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 30 of the Complaint and, therefore, denies the same and demands strict proof thereof.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

The Prayer for Relief in the un-numbered WHEREFORE clause of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations contained therein and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever.

Defendant denies each and every allegation, matter, statement, or thing contained in the Complaint except as may be herein admitted, qualified, or otherwise explained, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Without admitting or conceding any matter, Defendant alleges and asserts the following Affirmative Defenses to the Complaint, undertaking the burden of proof only as required by law and not assuming the burden of proof where substantive law provides otherwise, regardless of how such Affirmative Defenses are denominated herein. Defendant hereby demands judgement in its favor based upon the following avoidances and affirmative defenses:

1. Plaintiffs have failed to state a cause of action upon which relief can be granted, as Plaintiff has been properly paid all compensation to which he is entitled. Plaintiff's claims for damages are barred because Plaintiff has been properly paid by Defendant for all wages earned and for all hours worked.

CASE NO.: 1:21-cv-22827-MGC

2. Plaintiff was paid a flat sum, daily wage rate without regard to the number of hours worked in the day or at the job, and he received no other form of compensation for his services. Thus, Plaintiff's regular wage rate was determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked and Plaintiff was then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in a given workweek in accordance with C.F.R. § 778.112.

3. Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as practical administrative matter cannot be recorded with complete precision for payroll purposes are de minimis and may be properly disregarded for payroll purposes, consistent with 29 C.F.R. 785.47.

4. If Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Thus, a three-year statute of limitations is not warranted.

5. Plaintiff's claims are barred, in whole or in part, to the extent he seeks compensation in this action for anything other than compensable working time.

6. If Plaintiff is entitled to any additional wages, which Defendant expressly denies, Plaintiff is only entitled to receive half time pay for any wages due Plaintiff.

7. Plaintiff's regular wage rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which Plaintiff did not perform work, including vacation, sick/medical leave, or for periods of time which Plaintiff was otherwise absent from the workplace, such as holidays and other functions.

CASE NO.: 1:21-cv-22827-MGC

8. If Plaintiff proves that Defendant acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendant accordingly requests this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff should any omission have occurred.

9. If Plaintiff is able to show that Defendant acted in violation of the FLSA, which is denied, Defendant is entitled to seek a set-off for paid but unearned wages.

10. Plaintiff's claim is barred by the doctrine of estoppel in that Plaintiff failed to accurately report hours allegedly worked and/or Defendants was unaware that Plaintiff worked the hours claimed.

11. Plaintiff's claim is barred by the applicable Statute of Limitations.

12. Defendant is not liable to Plaintiff for liquidated, punitive, or exemplary damages for reasons, including, but not limited to Defendant's good faith efforts to comply with the law. Defendant is also not liable for such damages because Defendant did not act in bad faith and/or did not commit any willful, wanton, knowing, intentional or malicious act, or authorize or ratify such an act.

13. Plaintiff's claims are barred by the provision of 29 U.S.C. § 259 because all actions taken as to Plaintiff's compensation were done so in good faith reliance upon written administrative regulations, orders, rules, approvals, interpretations, and administrative practices and enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

CASE NO.: 1:21-cv-22827-MGC

14. Plaintiff's claims for liquidated damages are barred or precluded pursuant to 29 U.S.C. § 260 because the Defendant's actions regarding overtime compensation for Plaintiff were taken in good faith and with reasonable grounds based on a belief that those actions were not in violation of 29 U.S.C, § 201, et seq.

15. Any damages awarded to Plaintiff must be offset by all wage payments already made to Plaintiff for hours worked.

16. Defendant is entitled to recover its costs and attorney's fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

17. Plaintiff is seeking to recover damages that are completely speculative in nature.

WHEREFORE, Defendant, QAC, LLC d/b/a EAGEL BRANDS SALES, demands judgment in its favor and requests trial by jury on all issues so triable.

### RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

The facts having not been fully developed, Defendant affirmatively pleads any of the following defenses that may become applicable to this action: accord and satisfaction, arbitration and award, assumption of risk, coercion contract, contributory negligence, discharge in bankruptcy, duress, economic duress, election of remedies, failure of consideration, illegality, injury by fellow servant, license, payment, release, res judicata, satisfaction, statute of frauds, the failure of Plaintiff to take reasonable steps to avoid damages, the failure of Plaintiff to exercise ordinary care, unclean hands, waiver, and any other matter constituting an avoidance or affirmative defense.

CASE NO.: 1:21-cv-22827-MGC

Defendant hereby gives notice that it may rely on additional defenses if and when such defenses become known during the course of litigation, and hereby reserves the right to amend its Answer to assert any other defenses as become known or available.

As to all Affirmative Defenses listed above, discovery is ongoing and thus, the Defendant hereby reserves its right to later seek leave to amend these Affirmative Defenses for the purposes of adding additional defenses or modifying the defenses presently asserted, based upon information discovered during the course of discovery in this matter. Defendant in no way intends to waive its ability to amend its Affirmative Defenses throughout the course of discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant QAC, LLC*
        *d/b/a EAGEL BRANDS SALES*
        Cole, Scott & Kissane Building
        9150 South Dadeland Boulevard, Suite 1400
        P.O. Box 569015
        Miami, Florida 33256
        Telephone (786) 268-6747
        Facsimile (305) 373-2294
        Primary e-mail: steven.ehrlich@csklegal.com
        Secondary e-mail: nicholas.nashII@csklegal.com

By:   s/ *Nicholas M. Nash, II*
        STEVEN L. EHRLICH
        Florida Bar No.:  91409
        NICHOLAS M. NASH, II
        Florida Bar No.:  1017063

1917.1595-00/-1