UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 1:21-cv-22827-MGC**

JOSE L. SANABRIA,

    Plaintiff,

v.

QAC, LLC d/b/a EAGLE BRANDS SALES,

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

    COMES NOW Defendant, QAC, LLC, d/b/a EAGLE BRANDS SALES ("Defendant"), by and through its undersigned attorneys, pursuant to this Honorable Court's Order in Actions Brought Under the Fair Labor Standards Act, *as amended*, 29 U.S.C. §201 *et seq.* ("FLSA") [D.E. 5], hereby files this Response to Plaintiff, JOSE L. SANABRIA's ("Plaintiff") Statement of Claim [D.E. 12], and states as follows:

**PLAINTIFF'S NON-COMPLIANCE**

    1.    On August 15, 2021, this Court issued its Order of Referral for Settlement Conference and Order regarding Court Practice and Procedures [D.E. 5].

    2.    Pursuant to that Order, Plaintiff was required to file with the Court a "statement of claim setting forth the amount of the alleged unpaid wages, the calculation of such wages, and the nature of the wages (e.g. overtime or regular)" within twenty one (21) days from the date of the Order.

    3.    Further, pursuant to this Court's Order [D.E. 5], Plaintiff was required, within the allotted time, to "serve a copy of th[e] Order, the statement of claim, *and copies of all documents supporting the claim* (e.g. time slips, pay stubs) on the Defendant's counsel. *Id.* (emphasis original).

4. The Court specifically cautioned: "Failure to comply with this Order may result in default, dismissal, and/or sanctions." *Id.*

5. Plaintiff filed his Statement of Claim on September 3, 2021 [D.E 12]. Plaintiff supplied a copy of the Order and the Statement of Claim to Defendant on September 3, 2021. However, Plaintiff has failed to serve Defendant's counsel with copies of **any** documents to date. Therefore, no documents have been provided to support the unpaid/underpaid overtime wages alleged to be owed in Plaintiff's Statement of Claim - which characterization is wholly disputed by Defendant.

6. District courts may... dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *Mocombe v. Russell Life Skills & Reading Found., Inc.,* 2014 U.S. Dist. LEXIS 187840, *36 citing *Perry v. Zinn Petroleum Companies, LLC,* 495 Fed. Appx. 981, 983 (11th Cir. Nov. 8, 2012) citing Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. V. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005). The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. *Id.* citing *Donaldson v. Clark,* 819 F.2d 1551, 1557 n. 6 (11th Cir. 1987); *Betty K Agencies,* 432 F.3d at 1337. " While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989).

**DEFENDANT'S COMPLAINCE**

7. Pursuant to this Court's Order [D.E. 5], Defendant was required "within 14 days of service of the Plaintiff's statement of claim… to file with this Court a response to the Plaintiff's statement and provide the Plaintiff with copies of all documents supporting its defenses."

8. Notwithstanding, Plaintiff's Statement of Claim [D.E. 12] is woefully insufficient, inaccurate, and unsupported, and, as such, Defendant responds as follows:

**RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

9. On September 3, 2021, Plaintiff filed his Statement of Claim [D.E. 12] setting forth his alleged damages in this matter based on purported overtime wage violations under

CASE NO.: 1:21-cv-22827-MGC

the FLSA. *See generally* [D.E. 12]. Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

10. Defendant denies that Plaintiff is owed wages and denies the figures presented in Plaintiff's Statement of Claim.

11. Plaintiff's Statement of Claim indicates that Plaintiff must, in his own words, "***estimate*** the hours that he worked, the pay that he received for those hours, and the corresponding wages due to him." *See* [D.E. 12], ¶ 1.

12. Plaintiff has attempted to "estimate" his calculation of damages through sheer guesswork, broad averages, and by inappropriate or otherwise unsupported methods.

13. Plaintiff was hired by Defendant on June 30, 2017 and worked until on or about August 9, 2019. The hours worked by Plaintiff are demonstrated by the pay and time records produced herewith.

14. The estimated amounts set forth in the Statement of Claim [D.E. 12] are incorrect and strenuously denied. Plaintiff was fully compensated by Defendant pursuant to all applicable state and federal wage and hour laws.

15. At all times, Defendant acted in good faith and any acts or omissions of Defendant were not willful or intentional under the FLSA. Accordingly, Plaintiff's claim for liquidated damages and entitlement to the application of a three - year statute of limitations is without merit.

16. Pursuant to this Court's Order [D.E. 5], the following documents are being served upon Plaintiff's counsel contemporaneously with this Response to Plaintiff's Statement of Claim: a) Plaintiff's timecard records from July 3, 2017 to September 29, 2018; b) Plaintiff's timecard records from December 23, 2018 to August 17, 2019; c) Plaintiff's pay records from July 3, 2017 to September 29, 2018; and d) Plaintiff's pay records from June 23, 2019 to August 17, 2019.

17. Defendant is currently unable to provide records time or pay records for Plaintiff from September 29, 2018 to December 23, 2018 and is only able to provide Plaintiff's time records for the time period from December 23, 2018 to June 23, 2019 because Defendant switched payroll companies twice between September 2018 and June 2019.

CASE NO.: 1:21-cv-22827-MGC

18.     Although Defendant is currently unable to provide records from September 29, 2018 to December 23, 2018 and is only able to provide Plaintiff's time and attendance records for the time period from December 23, 2018 to June 23, 2019, the records that *have been* produced by Defendant show that Defendant calculated and paid overtime wages to Plaintiff or made a good faith effort to calculate and pay overtime wages to Plaintiff.

19.     Given the foregoing, it is clear that Plaintiff's calculation of his purported damages cannot possibly be correct under any scenario. In particular, if Plaintiff proves that Defendant acted in violation of the FLSA, either by action or omission, which is denied, the records produced by Defendant clearly demonstrate that such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA.

20.     Thus, a three-year statute of limitations is not warranted, and Plaintiff cannot recover any damages alleged to have accrued prior to August 3, 2019.

21.     Similarly, Plaintiff's claim that he is entitled to unpaid/underpaid overtime wages for the time period from August 3, 2019, to August 10, 2019, is also inaccurate, which is demonstrated by the records produced herewith.

22.     Lastly, Defendant further objects to Plaintiff's request for liquidated or double damages and denies any claim for same. Defendant has, at all times, acted in good faith, and thus, no claim for liquidated damages or otherwise should be deemed meritorious.

### DEFENDANT'S ADDITIONAL DEFENSES TO PLAINTIFF'S STATEMENT OF CLAIM

Without admitting or conceding any matter, Defendant alleges and asserts the following Additional Defenses to Plaintiff's Statement of Claim, undertaking the burden of proof only as required by law and not assuming the burden of proof where substantive law provides otherwise, regardless of how such Defenses are denominated herein. Defendant hereby demands judgment in its favor based upon the following Defenses:

1.      Plaintiff has failed to state a cause of action upon which relief can be granted, as Plaintiff has been properly paid all compensation to which he is entitled. Plaintiff's claims for damages are barred because Plaintiff has been properly paid by Defendant for all wages earned and for all hours worked.

CASE NO.: 1:21-cv-22827-MGC

2. Plaintiff was paid a flat sum, daily wage rate without regard to the number of hours worked in the day or at the job, and he received no other form of compensation for his services. Thus, Plaintiff's regular wage rate was determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked and Plaintiff was then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in a given workweek in accordance with C.F.R. § 778.112.

3. Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as practical administrative matter cannot be recorded with complete precision for payroll purposes are de minimis and may be properly disregarded for payroll purposes, consistent with 29 C.F.R. 785.47.

4. If Plaintiff proves that Defendant acted in violation of the FLSA, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Thus, a three-year statute of limitations is not warranted.

5. Plaintiff's claims are barred, in whole or in part, to the extent he seeks compensation in this action for anything other than compensable working time.

6. If Plaintiff is entitled to any additional wages, which Defendant expressly denies, Plaintiff is only entitled to receive half time pay for any wages due Plaintiff.

7. Plaintiff's regular wage rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which Plaintiff did not perform work, including vacation, sick/medical leave, or for periods of time which Plaintiff was otherwise absent from the workplace, such as holidays and other functions.

8. If Plaintiff proves that Defendant acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendant accordingly requests this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff should any omission have occurred.

9. If Plaintiff is able to show that Defendant acted in violation of the FLSA, which is denied, Defendant is entitled to seek a set-off for paid but unearned wages.

CASE NO.: 1:21-cv-22827-MGC

10. Plaintiff's claim is barred by the doctrine of estoppel in that Plaintiff failed to accurately report hours allegedly worked and/or Defendants was unaware that Plaintiff worked the hours claimed.

11. Plaintiff's claim is barred by the applicable Statute of Limitations.

12. Defendant is not liable to Plaintiff for liquidated, punitive, or exemplary damages for reasons, including, but not limited to Defendant's good faith efforts to comply with the law. Defendant is also not liable for such damages because Defendant did not act in bad faith and/or did not commit any willful, wanton, knowing, intentional or malicious act, or authorize or ratify such an act.

13. Plaintiff's claims are barred by the provision of 29 U.S.C. § 259 because all actions taken as to Plaintiff's compensation were done so in good faith reliance upon written administrative regulations, orders, rules, approvals, interpretations, and administrative practices and enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

14. Plaintiff's claims for liquidated damages are barred or precluded pursuant to 29 U.S.C. § 260 because the Defendant's actions regarding overtime compensation for Plaintiff were taken in good faith and with reasonable grounds based on a belief that those actions were not in violation of 29 U.S.C, § 201, et seq.

15. Plaintiff's claims for unpaid overtime compensation are barred as the acts or omissions complained of were done in good faith and Defendant was acting in good faith reliance on, and conformity with, the Portal-to-Portal Act, 29 U.S.C. §255(8), (11).

16. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

17. Plaintiff's claims are barred to the extent that Plaintiff cannot establish that any acts or omissions of Defendants were willful or intentional under the FLSA.

18. Any damages awarded to Plaintiff must be offset by all wage payments already made to Plaintiff for hours worked.

19. Defendant is entitled to a set-off as Plaintiff has no right to recovery in this action of any damages or collateral source benefits either paid or payable, including monies

CASE NO.: 1:21-cv-22827-MGC

he received for unemployment benefits, wages he has received through alternate employment, or monies Plaintiff could have received through the exercise of reasonable diligence.

20. Plaintiff's claims are barred by the doctrines of waiver and/or ratification because if Defendant failed to pay Plaintiff overtime compensation, which Defendant expressly denies, any such alleged failure should have been discovered by Plaintiff through the exercise of ordinary diligence and Plaintiff expressly and/or impliedly ratified the actions of Defendant by, among other things, accepting payments made by Defendant.

21. Plaintiff's claim for damages is barred by the doctrine of laches in that Plaintiff continued to work without any extra compensation for the alleged overtime hours worked and continued to do so continuously until the conclusion of his employment without asserting, claiming, or otherwise bringing to the attention of Defendant his claimed entitlement to certain compensation. To the extent Plaintiff did assert, claim, or otherwise bring to the attention of Defendant that he was entitled to overtime compensation and that he had not been fully compensated for such overtime, and was provided such compensation, Plaintiff's acceptance of any such compensation and failure to assert, claim, or otherwise bring to the attention of Defendant that such compensation was incorrect or otherwise not the full and complete amount of compensation owed, if any, the doctrine of laches bars Plaintiff's claim for damages, in whole or in part.

22. Defendant is entitled to recover its costs and attorney's fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

23. Plaintiff is seeking to recover damages that are completely speculative in nature.

24. Defendant incorporates all of its affirmative defenses as set forth in its Answer [D.E. 6]

25. Defendant reserves the right to supplement and amend its Response to assert additional defenses as may become available or appear during the litigation.

WHEREFORE, Defendant, QAC, LLC d/b/a EAGLE BRANDS SALES requests all relief to which it is entitled, including but not limited to, attorneys' fees and costs, and requests this Honorable Court to dismiss Plaintiff's Complaint with prejudice, and grant any such other legal and equitable relief which this Court deems just and reasonable.

CASE NO.: 1:21-cv-22827-MGC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant QAC, LLC d/b/a EAGLE BRANDS SALES*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6747
Facsimile (305) 373-2294
Primary e-mail: steven.ehrlich@csklegal.com
Secondary e-mail: nicholas.nashII@csklegal.com

By: s/ *Nicholas M. Nash, II*
STEVEN L. EHRLICH
Florida Bar No.: 91409
NICHOLAS M. NASH, II
Florida Bar No.: 1017063

1917.1595-00/-1